# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK LIPSEY, | CASE NO. 1:08-cv-01726-SMS PC |
| Plaintiff, | SCREENING ORDER FINDING AMENDED COMPLAINT STATES COGNIZABLE EIGHTH AMENDMENT CLAIM AGAINST GRANILLO, AND DISMISSING ALL OTHER CLAIMS AND DEFENDANTS |
| v. | |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendants. | (Doc. 12) |

**Screening Order**

### I. Screening Requirement

Plaintiff Roderick Lipsey, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 10, 2008. On February 17, 2009, the Court dismissed Plaintiff's complaint, with leave to amend, and Plaintiff filed an amended complaint on April 28, 2009.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). "[P]laintiffs [now] face a higher burden of pleadings facts . . ," Al-Kidd v. Ashcroft, 580 F.3d 949, 977 (9th Cir. 2009), and while a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

**II.     Plaintiff's Claims**

   **A.     Summary of Amended Complaint**

Plaintiff is currently housed at California State Prison-Sacramento. The events at issue in this action allegedly occurred on or around April 14, 2006, at California Correctional Institution (CCI) in Tehachapi, following Plaintiff's "retaliatory" transfer from California State Prison-Lancaster (CSP-Lancaster). (Doc. 12, Amend. Comp., court record p. 7.) Plaintiff alleges that prior to his transfer to CCI, an incident occurred with six other Muslim inmates in which Plaintiff was "brutally and savagely" beaten by a correctional officer because he is Muslim. (Id.) Plaintiff alleges that following his arrival at CCI, he was subjected to cruel and unusual punishment, retaliated and discriminated against, and denied access to the courts, in violation of his federal constitutional rights.

This is an action for money damages, and Plaintiff names Governor Arnold Schwarzenegger, Inmate Appeals Branch Chief N. Grannis, Acting Director Richard Rimmer, Secretary Roderick Q. Hickman, Warden Sullivan, Associate Warden Carrasco, Correctional Counselor Ramos, Correctional Counselor T. Gassaway, Correctional Counselor Cowee, Appeals Coordinator K.

Simpson, Correctional Sergeant Dailo, Correctional Officer E. Granillo, Correctional Officer M. Robinson, Correctional Officer Snyder, Correctional Sergeant Ellis, Registered Nurse T. Patridge, Doctor T. Vo, Medical Technical Assistant Estrada, Registered Nurse G. Meyers, and Correctional Officer Podratz as defendants.

### B.  Claim Against Defendants Ellis and Does 1-5

Plaintiff alleges that upon his arrival at CCI, he was met by Defendant Ellis to conduct a video taped interview, which documented the head and eye injuries, broken arm, hand and wrist lacerations, and back and chest bruises Plaintiff sustained in the beating by the correctional officer at CSP-Lancaster. Plaintiff alleges that Defendant Ellis and Does 1-5 threatened him with death.[1]

Verbal harassment or abuse alone is not sufficient to state a constitutional deprivation under section 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Therefore, Plaintiff allegation that he was threatened is insufficient to support a claim for relief under section 1983 against Defendants Ellis and Does 1-5.

### C.  Other Claims

#### 1.  Rule 18

Pursuant to Federal Rule of Civil Procedure 18(a), '[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file

///

---

[1] Defendant Ellis is allegedly employed at CSP-Lancaster. Any claims arising from events that occurred at CSP-Lancaster must be raised in a lawsuit filed in the Central District of California. However, from Plaintiff's allegations, it appears that Defendant Ellis's actions occurred at the CCI. Therefore, the Court will address the claim.

without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff was previously warned about including unrelated claims in his amended complaint. Plaintiff was placed on notice that if he did not comply with Rule 18, the Court would choose which claims this action would proceed on and the unrelated claims would be dismissed out. Accordingly, Plaintiff's claims against Defendants Snyder and Granillo shall be the focus of this screening order and any unrelated claims that are otherwise cognizable will be dismissed pursuant to Rule 18.

### 2. **Defendants Snyder and Granillo**

Plaintiff alleges that on April 14, 2006, Defendant Sullivan ordered Defendants Snyder and Granillo to house him in administrative segregation, where he was stripped him of his clothing and placed in a cell without a bed or bedspread. Plaintiff alleges that he had to sleep on the cold, dirty floor; that he endured approximately four and a half days without food, showers, hygiene, or medical treatment; and that his outgoing inmate appeals and legal mail were destroyed.

Plaintiff alleges that between April 20, 2006, and August 14, 2006, the food prepared and served to him by Defendant Granillo was "appalling," and as a result of "those conditions," he contracted a food borne disease but was denied medical treatment by Defendants Snyder and Granillo. (Amend. Comp., court record p. 8.) On July 9, 2006, Defendant Granillo served Plaintiff dinner at 5:00 p.m. While eating, Plaintiff's throat swelled and he got sick to his stomach. Plaintiff alleges that the plate of food was contaminated with dirt, rocks, and other substances.

Plaintiff alleges that on August 20, 2006, Defendant Granillo launched an "ongoing [campaign of] retaliation" against him for filing a grievance; that from April 14, 2006, to September 22, 2006, Defendants Snyder and Granillo abused him by forcing him to be handcuffed behind his back during escorts, which caused him pain due to his broken arm, which was in a cast; and that they retaliated against him by denying him visits. (Id., p. 8.) Plaintiff also appears to be attempting to pursue a retaliation claim based on being handcuffed during escorts.

///
///
///

### a) **Eighth Amendment Claims**

#### 1) **Condition of Cell in Administrative Segregation**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006).

Although Plaintiff does not allege his status, it appears he was placed on strip cell status, during which an inmate is deprived of some or all clothing and bedding. The allegation that Plaintiff was placed in a cell and stripped of his clothing does not support a plausible claim for relief against Defendants Granillo and Snyder for subjecting Plaintiff to conditions so grave that they violated the Eighth Amendment.

With respect to the deprivation of food, showers, hygiene, and medical care for four and a half days, and the destruction of his legal mail, Plaintiff fails to link anyone to these actions.[2] Plaintiff was previously placed on notice that he must link the violations complained of to a named defendant. Accordingly, Plaintiff fails to state a claim based on the conditions he was subjected to for four and a half days.

///
///

---

[2] The denial of showers and hygiene supplies for four and a half days is unlikely to support an Eighth Amendment claim, while the denial of medical care for that period may or may not support a claim. In addition to the linkage deficiency, Plaintiff's bare allegation does not support a finding that the deprivations rose to the level of a constitutional violation, however.

### 2) Food Tampering

The conclusory allegation that Plaintiff was served "appalling" food and denied medical treatment when he contracted a food borne illness is not sufficient to support a claim that Defendants Snyder and Granillo knew of and disregarding a substantial risk of harm to Plaintiff. However, the allegation that Defendant Granillo prepared and served Plaintiff a plate of contaminated food and Plaintiff became ill during the consumption of the food is sufficient to state a claim.

### 3) Handcuffing During Escorts

Plaintiff, who had a broken arm that was in a cast, alleges he was escorted with his hands cuffed behind his back, which caused him pain. Plaintiff alleges this constituted excessive force and was retaliatory. Plaintiff's retaliation claim will be addressed in the next section.

Plaintiff is incarcerated and was housed in segregation at the time of the events at issue here. Plaintiff has not alleged any facts supporting a claim that the use of handcuffs during escorts was malicious and sadistic rather than to maintain discipline. Hudson, 503 U.S. at 7. Accordingly, the Court finds that Plaintiff has not stated a plausible claim for relief against Defendants Snyder and Granillo for use of excessive physical force.

## b) First Amendment Retaliation Claim

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

As Plaintiff was previously notified, he must allege some facts supporting the claim that adverse action was taken against him because of his exercise of a protected First Amendment right and that the action at issue did not reasonably advance a legitimate correctional goal. The mere possibility of misconduct will not suffice to state a claim, Iqbal at 1949-50; Moss, 572 F.3d at 969,

6

and Plaintiff's conclusory allegations that Defendant Granillo launched a campaign of retaliation against him on August 20, 2006, and that Defendants Snyder and Granillo, along with Defendants Carrassco and Dialo, retaliated against him by denying him visits denied him visits do not give rise to viable retaliation claims. Likewise, Plaintiff's conclusory allegation that Defendants Snyder and Granillo retaliated against him by escorting him in handcuffs does not state a claim.

Finally, Plaintiff alleges that he was retaliated against for being Muslim and denied the ability to file an inmate appeal; and that Defendants Sullivan Carrassco, Gonzales, Zanchi, Dailo, Sampson, Snyder, Granillo, Roberison, Cannon, McLaughlin, Ramos, Gassaway, and Cowee failed to intervene and stop retaliation by staff and also themselves retaliated against Plaintiff by working together to cover up their racist conduct. These conclusory allegations are insufficient to support a claim under section 1983 for retaliation.

### 3.  Defendants Podratz, Sampson, Robinson, Vo, Estrada, Meyers, and Patridge

Plaintiff alleges that Defendant Podratz threatened his life from April 14, 2006, through September 28, 2006, because Plaintiff filed a complaint about Warden Sullivan's policy; that Defendant Sampson failed to process his inmate appeals in retaliation against him; and that Defendant Robinson retaliated against him by withholding his legal documents and causing him to miss his court deadlines. Plaintiff alleges that Defendants Vo, Estrada, Meyers, and Patridge denied him medical treatment for his broken arm and other injuries.

These conclusory allegations are insufficient to support claims for relief against Defendants Podratz, Sampson, Robinson, Vo, Estrada, Meyers, and Patridge for violation of Plaintiff's constitutional rights. Iqbal, 129 S.Ct. at 1949. In addition, these claims are not related to Plaintiff's claims against Defendants Snyder and Granillo, and are not properly brought in this action. George, 507 F.3d at 607; Fed. R. Civ. P. 18(a).

### 4.  Access to the Courts Claim

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174, 2177 (1996). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354, 2181-82. Claims for denial of access to the courts may

7

arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002). To prevail on a claim, a plaintiff must show that he suffered an actual injury by being shut out of court. Id. at 415, 2187; Lewis, 518 U.S. at 351, 2180.

Although Plaintiff alleges a claim for denial of access to the courts, his amended complaint contains no supporting allegations. Accordingly, Plaintiff fails to state a claim.

### 5. Equal Protection Claims

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)). "'To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001) (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). "Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (quoting Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994)) (emphasis in original).

Although Plaintiff alleges he was discriminated and the defendants are racist, his amended complaint is devoid of any facts supporting a viable equal protection claim. A conclusory assertion of discrimination falls wells short of stating a claim.

### 6. Remaining Defendants

Although named as defendants, Plaintiff's amended complaint does not state any claims upon which relief may be granted against Defendants Schwarzenegger, Grannis, Rimmer, and Hickman. Iqbal at 1948-49 (section 1983 does not allow for the imposition of liability under respondeat superior). Further, there are no cognizable claims alleged against Gonzales, Zanchi, Cannon, and McLaughlin, who are not listed as defendants but are discussed briefly in the amended complaint. Id. Therefore, they shall be dismissed from the action.

### III. Conclusion and Order

Plaintiff's amended complaint states a claim against Defendant Granillo for violation of the Eighth Amendment, arising from the incident on July 9, 2006, involving contaminated food. However, Plaintiff's amended complaint does not set forth any other claims upon which relief may be granted under section 1983. The Court finds that in light of the previous notice of the claim deficiencies and opportunity to amend, coupled with the nature of the deficiencies identified in this order, justice does not require further leave to amend. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Accordingly, it is HEREBY ORDERED that:

1. This action shall proceed on Plaintiff's amended complaint, filed April 28, 2009, against Defendant Granillo on Plaintiff's Eighth Amendment claim arising from the incident on July 9, 2006, involving contaminated food;

2. All of Plaintiff's other claims are dismissed, with prejudice, for failure to state a claim upon which relief may be granted; and

3. Defendants Schwarzenegger, Grannis, Rimmer, Hickman, Sullivan, Carrasco, Ramos, Gassaway, Cowee, Sampson, Dailo, Robinson, Snyder, Ellis, Patridge, Vo, Estrada, Meyers, Podratz, Gonzales, Zanchi, Cannon, and McLaughlin are dismissed based on Plaintiff's failure to state any claims against them.

IT IS SO ORDERED.

**Dated:   December 14, 2009**              /s/ Sandra M. Snyder
                                         UNITED STATES MAGISTRATE JUDGE