IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK LIPSEY, | Case No. 1:08-cv-01726 JLT (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR AN EXTENSION OF TIME TO FILE A MOTION TO COMPEL |
| vs. | |
| ARNOLD SCHWARZENEGGER, et al., | (Doc. 26) |
| Defendants. | ORDER STRIKING MOTION TO COMPEL |
| _____/ | (Doc. 27) |

Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. §1983. On February 4, 2011, Plaintiff filed an untimely motion to compel discovery (Doc. 27), along with a request to modify the discovery deadline in this case (Doc. 26). The deadline set for the completion of discovery, including the filing of motions to compel, expired on January 3, 2011. (Doc. 21.) Plaintiff argues in his motion that he was unable to meet the deadline because he was struck in the head by a prison official, he was only recently able to obtain assistance from another inmate regarding his motion to compel, and the prison has been under lockdown since September 2010. (Doc. 26 at 1-3.)

A scheduling order may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). Good cause exists where the moving party demonstrates that it could

1

1  not meet the court's deadline despite exercising due diligence.  Johnson v. Mammoth
2  Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  Here, Plaintiff's arguments are too vague to
3  demonstrate good cause.  First, Plaintiff fails to explain the circumstances surrounding his head
4  injury and why this event impacted his ability to diligently prosecute this case.  Without
5  additional information, the Court struggles to see how this incident is at all relevant.  Second,
6  even if Plaintiff did need assistance in drafting the motion to compel that does not excuse his
7  failure to meet the discovery deadline, or at the very least, communicate his need for additional
8  time with the Court.  Plaintiff had ample time to do so.  Plaintiff received Defendant Granillo's
9  interrogatory responses, the subject of Plaintiff's motion to compel, on October 7, 2010 (Doc. 27
10  at 20), almost three months before the expiration of the discovery deadline.  Third, it is the
11  Court's experience that a prison security lockdown does not eliminate an inmate's ability to
12  communicate with the Court for the purpose of seeking extensions of time.  Nothing in Plaintiff's
13  motion suggests otherwise.
14       Even if the Court did allow Plaintiff to proceed with his untimely motion to compel, the
15  motion would be denied.  On a motion to compel, the moving party "must inform the court
16  which discovery requests are the subject of [the] motion to compel, and, for each disputed
17  response, inform the [c]ourt why the information sought is relevant and why [the opposing
18  party's] objections are not justified."  Ellis v. Cambra, No. CIV F-02-5646 AWI SMS PC, 2008
19  WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).  See Williams v. Flint, No. CIV S-06-1238 FCD
20  GGH P, 2007 WL 2274520, at *1 (E.D. Cal. Aug. 3, 2007) ("It is [the moving party's] burden to
21  describe why a particular response is inadequate.  It is not enough to generally argue that all
22  responses are incomplete.").  In his motion, Plaintiff simply asks the Court to compel Defendant
23  Granillo "to answer fully the interrogatories Numbers 2, 3, 5, 10, and 11" and "to produce for
24  inspection and copying the following documents listed in the discovery request Numbers: 3, 4, 5,
25  6, 8, 9, 13, 14, 17, 19, 20, 23, 24 and 25."  (Doc. 27 at 1.)  Plaintiff fails to explain why he
26  believes the responsess already provided by Defendant Granillo are inadequate or why Defendant
27  Granillo's objections to Plaintiff's questions are not justified.
28  ///

Accordingly, it is **HEREBY ORDERED** that:

1. Plaintiff's February 4, 2011, motion for an extension of time (Doc. 26), construed as a motion to modify the scheduling order and discovery deadline in this case, is **DENIED**; and

2. Plaintiff's February 4, 2011, motion to compel (Doc. 27) is **STRICKEN** as untimely.

IT IS SO ORDERED.

Dated:  **February 9, 2011**                               /s/ Jennifer L. Thurston
                                                           UNITED STATES MAGISTRATE JUDGE