1

2

3

4

5

6

7

8

9           IN THE UNITED STATES DISTRICT COURT

10          FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12   RODERICK LIPSEY,                          Case No. 1:08-cv-01726 JLT (PC)

13           Plaintiff,                        ORDER DENYING MOTIONS FOR THE
                                               APPOINTMENT OF COUNSEL
14       vs.
                                               (Docs. 34 & 35)
15   ARNOLD SCHWARZENEGGER,
     et al.,
16
             Defendants.
17   _____/

18          On April 26, 2011, Plaintiff filed two motions seeking the appointment of counsel.  In support

19   of his motions, Plaintiff cites Nelson v. Redfield Lithograph Printing, 728 F.2d 1003 (8th Cir. 1984),

20   an Eighth Circuit case regarding the appointment of counsel in a Title VII action.  In Nelson, the Eighth

21   Circuit explained that once a district court "is satisfied that plaintiff has alleged a prima facie claim,"

22   the court should conduct a deeper inquiry into whether the appointment of counsel is appropriate.  Id.

23   at 1005.  Relevant considerations include whether "plaintiff has in good faith attempted to retain counsel

24   and has been unsuccessful" and whether "the nature of the litigation is such that plaintiff as well as the

25   court will benefit from the assistance of counsel."  Id.  Plaintiff then states that (1) he is unable to afford

26   counsel; (2) the issues involved in this case are complex; (3) the issues may require representation that

27   Plaintiff is unable to perform due to incarceration; (4) Plaintiff has very limited knowledge of the law;

28   and (5) justice would be served by the appointment of counsel.  (Doc. 34 at 1.)

1

1   There is no constitutional right to appointed counsel in a § 1983 action. <u>Rand v. Rowland</u>, 113

2   F.3d 1520, 1525 (9th Cir. 1997).  However, in certain exceptional circumstances, a court may request

3   voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Palmer v. Valdez</u>, 560 F.3d 965,

4   970 (9th Cir. 2009).   In determining whether "exceptional circumstances exist, a district court must

5   evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his

6   claims <i>pro se</i> in light of the complexity of the legal issues involved." <u>Id.</u> (quoting <u>Weygandt v. Look</u>,

7   718 F.2d 952, 954 (9th Cir. 1983)).  Neither of these considerations is dispositive and instead must be

8   viewed together. <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986).

9   In the present case, the Court does not find the required exceptional circumstances to appoint

10  counsel.  First, Plaintiff has not demonstrated a likelihood of success on the merits.  Second, even if it

11  is assumed that Plaintiff is not well-versed in the law, the issues in this case are not complex.  In fact,

12  they are relatively straightforward.  This matter involves a single claim against a single defendant: Did

13  Defendant Granillo contaminate Plaintiff's food on July 9, 2006 in violation of the Eighth Amendment?

14  Because the issues presented in this case are narrow and not complex, the Court does not find that

15  Plaintiff is unable to adequately articulate his claims.

16  Accordingly, for the reasons set forth above, it is **HEREBY ORDERED** that Plaintiff's April

17  26, 2011 motions for the appointment of counsel (Docs. 34 & 35) are **DENIED**.[1]

18

19  IT IS SO ORDERED.

20  Dated:   **May 2, 2011**                                   **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27  _____

28     [1]  Plaintiff is reminded that in accordance with the Court's order filed April 18, 2011, he is to file an opposition or
statement of no opposition to Defendant's March 14, 2011 motion for summary judgment within thirty days of the date of
service of the Court's order.